IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
KATHRYN BIELSKI,                )
                                )
    Plaintiff,                  )
                                )    CIVIL ACTION NO.
    v.                          )      1:12cv1049-MHT
                                )          (WO)
ALFRED SALIBA CORPORATION,      )
an Alabama domestic             )
corporation, et al.,            )
                                )
    Defendants.                 )
```

OPINION AND ORDER

The allegations of the plaintiff Kathryn Bielski's complaint are insufficient to invoke this court's diversity-of-citizenship jurisdiction. The allegations must show that the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332.

The plaintiff's complaint fails to meet this standard in two ways. First, the complaint gives the "residence" rather than the "citizenship" of plaintiff Bielski and defendants Cornelius and Bridgette Kugler. An allegation that a party is a "resident" of a State is not sufficient

to establish that a party is a "citizen" of that State. <u>Delome v. Union Barge Line Co.</u>, 444 F.2d 225, 233 (5th Cir.), <u>cert</u>. <u>denied</u>, 404 U.S. 995 (1971).[*]

Second, the Supreme Court has stated that, "Since <u>Strawbridge v. Curtiss</u>, 3 Cranch 267 (1806), we have read the statutory formulation 'between ... citizens of different States' to require complete diversity between all plaintiffs and all defendants."  <u>Lincoln Prop. Co. v. Roche</u>, 546 U.S. 81, 84, 89 (2005).  28 U.S.C. § 1332(a)(1), therefore, requires "complete diversity," that is, no plaintiff may be from the same State as any defendant.  <u>See</u> <u>Stillwell v. Allstate Ins. Co.</u>, 663 F.3d 1329, 1332 (11th Cir. 2011).  Or, to put it another way, the presence of a plaintiff and a defendant from the same State destroys diversity-of-citizenship jurisdiction. Here, the complaint alleges that plaintiff Bielski and defendants Cornelius and

---

[*]In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Bridgette Kugler are residents (and presumably citizens, though the allegations are now insufficient) of the same State, that is, North Carolina.  If this is true, there can be no diversity of citizenship.

\*\*\*

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff Kathryn Bielski has until December 14, 2012, to amend the complaint to allege jurisdiction sufficiently; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 5th day of December, 2012.

                                         /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**